**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN REES** and **JILL REES,**
his wife,

        **Plaintiffs,**

**vs.**                          **Case No. 6:06-cv-1558-Orl-19JGG**

**ENGINEERED CONTROLS**
**INTERNATIONAL, INC.,**

        **Defendant.**

_____

**ORDER**

      This case comes before the Court on the Motion to Dismiss [Counts IV, V, and VI of the Complaint] and Incorporated Memorandum of Law, filed by Defendant Engineered Controls International, Inc. on October 10, 2006.  (Doc. No. 7).

**Background**

      The following allegations are drawn from Plaintiffs' Complaint.  (Doc. No. 2, filed on October 6, 2006).  On or about July 2, 2002, Plaintiff John Rees was delivering propane gas in the course and scope of his employment with Amerigas Propane, Inc. when he began filling a 120-gallon propane tank.  (*See id.* at ¶¶ 4, 7-8).  The tank contained a fill hose adaptor,[1] consisting of a nozzle and valve, which was allegedly manufactured and placed into the stream of commerce by Defendant Engineered Controls International, Inc. ("ECI")

---

[1]      The fill hose adaptor is alleged to be either model number 7757V or 7577V.  (*See* Doc. No. 2, ¶ 4).

without inspection for defects.  (*See id.* at ¶ 12).  The adaptor to the tank then allegedly malfunctioned, allowing gas to escape which ignited and caused severe and permanent injury to John Rees.  (*See id.* at ¶ 10).  Plaintiffs allege that the adaptor in question was used without a substantial change in condition and was not altered, modified, or misused by John Rees or his employer.  (*See id.* at ¶ 20).

Plaintiffs John and Jill Rees initially filed the instant Complaint in Florida state court, asserting claims of negligence, (Count I), loss of consortium (Count II), strict liability (Counts III and IV), and breach of implied warranty (Counts V and VI).   On October 6, 2006, ECI removed the instant case to this Court under federal diversity jurisdiction grounds. (*See* Doc. No. 1).

In its Motion to Dismiss, ECI argues that Plaintiff John Rees' claim for common law breach of implied warranty (Count V) should be dismissed due to lack of privity between the parties.  (*See* Doc. No. 7, p. 3).  ECI further argues that Plaintiff Jill Rees' breach of implied warranty (Count VI) should be dismissed because it is solely a derivative claim based on an impermissible theory of recovery.  (*See id.* at p. 5).  Finally, ECI argues that Jill Rees' claims in Counts IV and VI should be dismissed as duplicative of her claim for loss of consortium in Count II.[2]

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the

---

[2]     ECI does not seek to dismiss Counts I through III of the Complaint.  (*See generally* Doc. No. 7).

complaint as true, and accept all reasonable inferences that can be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Further, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although a copy of Defendant's motion was sent to Plaintiffs' counsel on October 10, 2006, Plaintiffs have not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

## Analysis

After reviewing the Complaint and the Motion to Dismiss, the Court finds that Counts IV, V, and VI must be dismissed. First, with regard to Counts V and VI, the Plaintiffs' claims for breach of implied warranty must be dismissed because the facts of the Complaint, taken as true, fail to assert that Plaintiffs were in privity with ECI, the manufacturer of the adaptor.

Since 1988, Florida law has required privity between the manufacturer of the allegedly defective product and the consumer of such produce in order for the consumer to assert an implied warranty claim. *See, e.g., Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37,

39 (Fla. 1988); *Baker v. Danek Medical*, 35 F.Supp.2d 875, 878 (N.D. Fla. 1998). The recognition of a no-privity, breach of implied warranty cause of action for personal injury was abolished by Florida courts upon the adoption of the doctrine of strict liability in tort. *See, e.g., Piper Aircraft*, 520 So. 2d at 39; *Blinn v. Smith & Nephew Richards, Inc.*, 55 F.Supp.2d 1353, 1361 (M.D. Fla. 1999). Thus, as the Complaint fails to allege that either Plaintiff John Rees or Plaintiff Jill Rees was in privity with ECI, the Court will dismiss the Plaintiffs' breach of implied warranty claims.

In addition, Count IV of the Complaint, which attempts to assert a strict products liability claim on behalf of Plaintiff Jill Rees, must also be dismissed. Florida has adopted the doctrine of strict liability as stated by the Restatement (Second) of Torts, Section 402A[3]:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>> (a) the seller is engaged in the business of selling such a product, and
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) The rule stated in Subsection (1) applies although
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement 2d of Torts § 402A. Florida courts have later recognized that retailers of a product may also be liable under strict liability. *See, e.g., Visnoski v. J.C. Penney Co.,* 477 So. 2d 29, 30 (Fla. 2d DCA 1985). Furthermore, a product may be in a defective condition due to a design manufacturing defect or a defective warning. *See, e.g., Brown v. Glade and Grove Supply, Inc.*, 647 So. 2d 1033, 1035 (Fla. 4th DCA 1994).

---

[3]      *See, e.g., West v. Caterpillar Tractor Co., Inc.,* 336 So. 2d 80, 87 (Fla. 1976).

In the instant case, Plaintiffs fail to allege that Jill Rees was the ultimate user or consumer of the allegedly defective product in question. Thus, she cannot recover in strict liability. To the extent that Plaintiffs are attempting to state a cause of action for loss of consortium in Count IV of the Complaint based on John Rees' injuries caused by the allegedly defective product, Count IV of the Complaint is duplicative of Count II of the Complaint. Plaintiff Jill Rees may not plead multiple causes of action for loss of consortium. *See generally* Fed. R. Civ. P. 8(e)(2) (a party may only state as many *separate* claims or defenses as it has) (emphasis added). Thus, the Court will dismiss Plaintiff Jill Rees' claim for strict products liability.

### Conclusion

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss Counts IV, V, and VI of the Complaint filed by Defendant Engineered Controls International, Inc. on October 10, 2006. (Doc. No. 7). Plaintiffs shall have leave to submit within ten (10) days from the date below an Amended Complaint which comports with this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 2nd day of November, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-5-

Copies furnished to:

Counsel of Record